```
                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF OHIO


WAJID ABJUSSATAR,              )    CASE NO. 1:08 CV 663
                               )
        Plaintiff,             )    JUDGE SOLOMON OLIVER, JR.
                               )
    v.                         )
                               )    MEMORANDUM OF OPINION
WILLIAM D. MASON, et al.,      )    AND ORDER
                               )
        Defendants.            )
```

On March 17, 2008, plaintiff pro se Wajid Abjussatar filed this in forma pauperis action under 42 U.S.C. § 1983 against Cuyahoga County Prosecutor William D. Mason, Cleveland Detective Georgia Husein, and Cuyahoga County Judge Shirley Strickland. The complaint challenges plaintiff's 2005 conviction in the Ohio Court of Common Pleas, asserting he was denied a fair trial because of misconduct of defendants. As relief, he seeks an order requiring Detective Husein, the Cuyahoga County Prosecutor, and the Department of Child Protective Services to produce certain documents, and asks that Judge Strickland be made to recuse herself from post-judgment proceedings. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

Although pro se pleadings are liberally construed, Boag

v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

Plaintiff may not use section 1983 to attack his conviction collaterally and thereby circumvent the 28 U.S.C. § 2254 requirement that he exhaust his state court remedies before doing so.  Preiser v. Rodriguez, 411 U.S. 475, 489-90 (1973).  In an analogous section 1983 case, in which the plaintiff sought an injunction against a state trial judge and others based on the alleged falsification of his trial transcript, the Seventh Circuit Court of Appeals observed: "[A]s [plaintiff] wants an injunction under section 1983 solely in order to facilitate his attack on his conviction, the suit is ancillary to his post-conviction proceeding, and hence is an improper use of the civil rights statute."  Scruggs v. Moellering, 870 F.2d 376, 379 (7th Cir. 1989)(emphasis in original).

---

[1] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

Accordingly, this action is dismissed under section 1915(e). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

>/s/*SOLOMON OLIVER, JR.*
>UNITED STATES DISTRICT JUDGE